Appellants, Richard B. England and Jesse England, appeal the August 19, 1998, Judgment Entry[1] of the Fairfield County Court of Common Pleas granting Summary Judgment in favor of appellees Timothy Foster, Roseanna G. Ross and Robert E. Ross.
 STATEMENT OF THE FACTS AND CASE
In 1945, Talmadge S. Miller, conveyed property to William Miller Glenn. The deed conveying the property, provided in part, as follows:
 ". . . containing 13 and 1/2 acres of land, excepting the present right of way across said premises which is reserved as a right of way 30 foot in width;. . ."
Neither the 1945 deed nor any subsequent deeds in the chain of title contained any metes and bounds description regarding the location of the right of way. There is, however, an eight (8) foot wide path crossing appellants' property that appellees claim coincides with the right of way.
Appellant Richard B. England is the successor in title to the real property previously owned by William Miller Glenn. Appellant Jesse England, as his spouse, possesses a marital interest in the property. The 1987 general warranty deed conveying the property to appellants excepts a 30 foot wide right of way across the premises. The real property previously owned by Talmadge S. Miller has since been conveyed to appellees Robert E. Ross and Roseanna G. Ross. Roseanna G. Ross' husband, appellee Timothy S. Foster, possesses a marital interest in her real property. Whereas the real property owned by Roseanna G. Ross adjoins that owned by appellant Richard England, Robert Ross' real property adjoins Roseanna G. Ross'.
In 1994, appellees, claiming to have a thirty foot wide easement through appellants' property pursuant to appellants' 1987 deed, informed appellants of their intent to upgrade and widen the eight (8) foot path through appellants' property that appellees claim coincides with the easement. On September 15, 1997, a contractor hired by appellees entered onto appellants' property and began clearing trees and a fence along the path in order to improve and widen the same. After appellant Richard B. England prevented the contractor from proceeding, appellees, on September 25, 1997, filed a verified complaint seeking declaratory judgment, a temporary restraining order and preliminary and permanent injunctive relief against appellants. Appellees, in their complaint, requested an order from the trial court declaring that appellants did not hold any fee interest in the right of way or, in the alternative, that appellees had an express easement across appellants' property through the right of way. Appellee further requested that the trial court declare that they, their invitees, successors and assigns, had a right to improve and maintain the right of way and that appellants, their successors and assigns and any person acting on their behalf, could not interfere with such right.
On September 25, 1997, a temporary restraining order was filed restraining and enjoining appellants from directly or indirectly preventing, or impeding ingress to or egress from appellees' property in any manner. Appellants, on October 15, 1997, filed a joint answer and counterclaim in which they raised adverse possession and estoppel defenses. Thereafter, appellees on October 20, 1997, filed a Motion for Judgment on the Pleadings and Motion to Strike the above defenses in appellants' answer. While the trial court overruled the Motion for Judgment on the pleadings, it granted the Motion to Strike.
On May 1, 1998, appellees filed a Motion for Summary Judgment on their complaint and on appellants' counterclaim to which appellant's responded on June 26, 1998. Pursuant to Memorandum of Decision filed on August 6, 1998, the trial court granted appellees' motion, holding that appellees had a thirty foot easement across appellants' property. A final Judgment Entry and Order was filed on August 19, 1998. It is from such judgment that appellants now appeal, raising the following assignments of error:
I
 THE TRIAL COURT'S FINDING THAT PLAINTIFFS-APPELLEES HAVE AN EASEMENT THROUGH DEFENDANTS-APPELLANTS' PROPERTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
II
 THE TRIAL COURT'S FINDING THAT PLAINTIFFS-APPELLEES, OR THEIR PREDECESSORS-IN-TITLE, DID NOT ABANDON THEIR EASEMENT, ASSUMING PLAINTIFFS-APPELLEES OR THEIR PREDECESSORS-IN-TITLE EVER HAD SUCH AN EASEMENT, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
III
 THE TRIAL COURT'S FINDING THAT DEFENDANTS-APPELLANTS WERE NOT ENTITLED TO DAMAGES FOR PLAINTIFFS-APPELLEES REMOVAL OF TREES ON
 APPELLANTS' PROPERTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
IV
 THE TRIAL COURT ERRED IN FAILING TO SPECIFY THE SCOPE AND LOCATION OF THE EASEMENT.
 STANDARD OF REVIEW
Summary judgment
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. Civ. R. 56(c) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citingDresher v. Burt (1966), 75 Ohio St.3d 280.
It is based upon this standard we review appellant's assignment of error.
 I
Appellants, in their first assignment of error, argue that the trial court's finding that appellees have an easement through appellants' property was against the manifest weight of the evidence.
Appellants, in support of their Motion for Summary Judgment, presented the trial court with a general warranty deed conveying the subject real property to appellants in 1987 and a quit claim deed from Ruth I. England, appellant Richard England's former spouse, conveying her interest in such property to him in 1993. Both deeds, the accuracy of which is undisputed by appellants,[2] contain the following language:
 ". . . containing 13 and 1/2 acres more or less and excepting a right of way across said premises 30 feet in width."
Thus, the undisputed evidence establishes the existence of the right of way.
However, despite the existence of the above language in their deeds, appellants contend that no assignable right of way was created by Talmadge Miller, appellants' predecessor in title, since Miller did not use "heirs and assigns" language when excepting the thirty foot right of way. Appellants point out that Miller used such language in other clauses in the deed. GC 8510-1, which was enacted in 1925 and is the predecessor to R.C. 5301.02,[3] did not require words of inheritance or succession such as "heirs and assigns" in conveyances to create an assignable interest in realty. Words of inheritance, therefore, were not required to be in the original 1945 deed from Talmadge S. Miler to William Miller Glenn for an assignable easement to be created.
While appellants concede that the failure to include language of inheritance or succession is not automatically fatal to the creation of the right of way, appellants argue that pursuant to G.C. 8510-1 and R.C. 5301.02, its successor, the wording of the instrument at issue must be considered to determine the grantor's intention. The Ohio Supreme Court in Apel v. Katz
(1998) 83 Ohio St.3d 11, held that the language employed in a deed, in light of surrounding circumstances, is the best indication of what parties intended when transferring real property. Other than the language of the 1945 deed, appellants failed to submit any evidence as to whether or not Talmadge Miller intended for the right of way to be limited to his own use. Moreover, even if a deed is ambiguous as to the extent of an easement, the "general rule is that an easement is never presumed to attach to the person of the grantee where it can be fairly construed as appurtenant to some other estate". Deshonv. Parker (1974), 49 Ohio App.2d 366, 368. An easement appurtenant[4], which exists for the benefit of the owner of some particular land, runs with the land and is assignable. Id. See also Apel, supra. Applying such rule, the easement in this matter could fairly be construed as appurtenant and thus assignable. The trial court, therefore, did not err in finding that appellees have an easement through appellants' property since there are no genuine issues of material fact in dispute.
Appellants' first assignment of error is overruled.
 II
In their second assignment of error, appellants argue that the trial court's finding that appellees or their predecessors in title did not abandon their easement, assuming such an easement existed, was against the manifest weight of the evidence. Appellants specifically assert that appellees abandoned part of the easement by allowing the same to become overgrown by trees and brush and by allowing the presence of a dilapidated fence.
However, when a portion of a road is used continuously, "there is nothing to authorize the presumption that any portion of it had been abandoned . . .". Fox v. Hart (1842), 11 Ohio 414,416. The court in Wyatt v. Ohio Dept. Of Transportation
(1993), 87 Ohio App.3d 1, cited Fox in holding that non-use of a portion of a road in and of itself cannot establish that the easement was abandoned because intent was not proven. Intent to abandon must be shown by "uneqivocal and decisive acts" which are inconsistent with continued use and enjoyment. Snyder v.Monroe Townhip Trustees, et al. (1996), 110 Ohio App.3d 443. Appellants, however, failed to present the trial court with any evidence of such acts. Since there is no genuine issue of material fact regarding the abandonment of such easement, the trial court did not err in its finding that no abandonment occurred.
Appellants' second assignment of error is overruled.
 III
Appellants, in their third assignment of error, argue that the trial court's finding that appellants were not entitled for damages for appellees' removal of trees on appellants' property was against the manifest weight of the evidence. Appellants concede that easement owners have the right to remove obstructions interfering with the proper use and enjoyment of their easement.
Since the court had determined, supra, that appellees have an easement through appellants' property, appellees had the right to remove any obstructions within the boundaries of the same, including trees. Appellants' argument therefore lacks merit.
Appellants' third assignment of error is overruled.
 IV
In their final assignment of error, appellants contend that the trial court erred in failing to specify the scope and location of appellees' easement. The trial court, in its August 19, 1998, final Judgment Entry and Order, specifically referenced its memorandum decision entered on August 6, 1998. In its August 6, 1998, decision, the trial court, based upon the undisputed professional survey and the affidavit of surveyor Thomas Robinson submitted by appellees, the language of the deed itself, and the prior use by appellees of the current path across appellants' property, held that the easement "can be fixed as including fifteen feet on either side of the centerline of the current path and running parallel thereto." However, the Judgment Entry does not include the metes and bounds description of the certerline of the easement. Therefore, the court finds that the trial court did not sufficiently define the scope and location of the easement. The trial court, therefore, is directed to include both the metes and bounds description of the centerline of the easement and the plat prepared by surveyor Thomas Robinson as part of its final Judgment Entry and is to make orders to ensure the recording of the Judgment Entry, description and plat with the office of the County Recorder.
Appellants' fourth assignment of error is sustained.
The judgment entry of the Fairfield County Court of Common Pleas is affirmed in part and reversed and remanded in part.
By Edwards, J., Gwin, P.J. and Hoffman, J. concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield, County, Ohio is affirmed in part and reversed and remanded in part. Costs to appellant.
-----------------------
-----------------------
 ----------------------- JUDGES
[1] Appellant, Richard England, in his Notice of Appeal, states that he is appealing from the final judgment entered on August 18, 1998. The final judgment entry and order, however, was not filed until August 19, 1998.
[2] Paragraph 4 of Appellees' verified complaint states as follows: "A copy of the deeds conveying this [real] property to him [Richard B. England] are attached as Exhibits C and D". Appellants, in their answer, admit to the allegations contained in paragraph 4 of the complaint.
[3] R.C. 5301.02 did not become effective until 1953.
[4] In contrast, an easement in gross exists independent of ownership of the land. See Deshon, supra.