**McGEE, Appellant, v. RANDOLPH et, Appellees.**

Ohio Appeals, Ninth District, Summit County.

No. 4036. Decided November 9, 1949.

Brouse, McDowell, May, Bierce & Wortman, Akron, for appellant.

C. L. Dinsmore, Akron, for appellees.

**OPINION**

By HUNSICKER, J.

In this appeal on questions of law and fact, the facts disclose that the plaintiff (appellant), Iris F. McGee, is the owner of a parcel of real estate known as lot No. 807, and the defendant (appellee) Ever L. Randolph is the owner of the adjoining parcel of real estate known as lot No. 808. The defendant (appellee) A. Rastus Randolph is the husband of Ever L. Randolph. Both parcels are located in the Goodyear Heights allotment in the city of Akron, Ohio. The east line of lot No. 807 is the west line of lot No. 808.

The parties live next to each other on their respective lands. Appellee Ever L. Randolph constructed on her lands a curb or low retaining wall along her west line, so that stones from her driveway, which extended to this line, would not go over onto the adjoining lot of the appellant, Iris F. McGee.

At the beginning of the construction of such curb, the appellant notified the appellees that such curb was being built beyond the lot line and onto the McGee property. Notwithstanding such notice, appellees proceeded to complete the construction of such curb.

Appellant, McGee, then filed an action in the Common Pleas Court of Summit County, Ohio, seeking a mandatory injunction to compel the removal of such curb from her property. The lower court refused the relief asked for, and, from that decree, this appeal is taken. The case is before us for trial de novo on the record, testimony and exhibits which were before the lower court.

We desire, as much as the Common Pleas Court, that these neighbors amicably settle their differences and live in peace and harmony. We have, however, from the matters before us, to decide the issue on the settled law applicable to such situations.

The appellant says that the curb which appellees built is encroaching on her property, and that the appellees have violated a restriction, which is a part of the general plan of such allotment, by constructing this curb.

The appellees deny that there is any encroachment or taking of appellant's property, deny any violation of a restriction applicable to this allotment, and say that the proper remedy is not an action for mandatory injunction but an action in ejectment.

The evidence discloses that the west wall of this curb is one inch west of the true line of appellee Ever L. Randolph's property at the sidewalk, and that such encroachment gradu-

ally diminishes, and disappears at a distance of fifty-seven (57) feet south of this point.

Said appellee relied upon an iron pin near the point where her west property line intersected the sidewalk line, which iron pin was not the true point at which her west line began. She did not secure an accurate measurement of the extent of her property, refused to heed the warning of the appellant, and proceeded to build the curb partially on the McGee land.

The first problem presented to us concerns the propriety of the request for mandatory injunction under the facts presented herein.

Although no Ohio cases with a similar factual situation have been found, yet the rule has been followed in Ohio that a mandatory injunction will lie where an encroachment is made on the property of another without his acquiescence or consent.

For instance, in the case of an overhanging cornice: **Young, et al., v. Thedieck, 8 Oh Ap 103.** And, in the case of a projecting bay window: **Neithamer v. Heyer, 39 Oh Ap 532.**

This court, in the unreported case of Gomory v. Cantor-Shaw Co., No. 1564, Summit County, decided Oct. 11, 1928, ordered, by mandatory injunction, the removal of a building for violation of allotment restrictions.

As was said in the early case of **Culver v. Rodgers, 33 Oh St 537,** at **p. 541:**

"Whether the facts in the case called for relief in law or in equity, is a question not altogether free from difficulty. It lies near the vague and indefinite boundary line between the jurisdiction of courts of law and equity. The books abound in cases lying near this line on either side, where unsuccessful attempts have been made to define, with some degree of precision, the limits of equity jurisdiction in cases of this class."

The view more recently adopted by the courts upholds the view that "a mandatory injunction is a proper remedy for a landowner to invoke against an adjoining owner to compel the removal of structures which encroach upon complainant's land."

96 A. L. R. 1287, and cases there cited.

See also:

1 Am. Jur., Adjoining Landowners, Sec. 19.

4 Pomeroy's Equity Jurisprudence (Fifth Ed.), Sec. 1359, et seq.

We do not have, under the facts of this case, a question of title to real estate, but the problem of a taking of real property where no right to do so existed.

We hold that mandatory injunction is a proper remedy in the instant case. A lot owner need not be relegated to an action at law where the valuation is slight or the loss of land not great. Title to this real estate should be protected in a court of equity by a decree which will preserve to the owner the property itself, instead of a sum of money which represents its value.

We therefore hold that the appellee Ever L. Randolph shall remove to the true line of her property the curb now encroaching on the lands of the appellant.

The claim of appellant that the curb violates the allotment restrictions, we do not find to be sustained. The restriction complained about, although applicable to the entire allotment, does not contemplate the type or kind of low curb now constructed. It does not constitute a fence or obstruction as is prohibited by the restriction.

A decree may be prepared in accord with this finding. The court costs shall be divided equally between the parties.

STEVENS, PJ, and DOYLE, J, concur.