DeShon et al., Appellants, v. Parker, Appellee.

(No. 7843—Decided November 13, 1974.)

*Weick & Genovese Co., L. P. A.,* for appellants.
*Messrs. Parker & Parker,* for appellee.

Mahoney, J. The issue in this case is whether the following language in a conveyance created an easement in gross or an easement appurtenant. If the latter, the easement runs with the land and is transferable. If the former, the easement is personal to the grantees and not transferable.

The conveyance reads, in pertinent part:

" * * * I, Carl DeShon * * * do hereby grant unto Thomas R. DeShon and Mary DeShon [the appellants] the right and easement to use and maintain the leach bed heretofore installed upon the following described real estate: * * * and also the right of ingress and egress on and over said property to reconstruct, clean, repair and maintain the same."

The grant was properly executed and recorded. Subsequently, Carl DeShon (the grantor, and the father of Thomas DeShone, grantee), conveyed the above described property to the defendant (appellee), Murray S. Parker.

A map was filed as an agreed stipulation, and it shows that the land described in the easement is separated from the land owned by Thomas DeShon by a thirty foot right-of-way, reserved for street purposes.

A controversy has developed over the transferability of the easement, and the DeShons commenced this action for declaratory judgment. In due course, the DeShons moved for a summary judgment, with affidavits from Carl DeShon and Thomas DeShon to the effect that the leach bed was essential to the use of the residence on Thomas De-Shon's land.

The defendant, contrary to the rule, rested on his answer to the complaint, and did not offer any contra affidavits or other response.

The trial court described the easement as appurtenant to the real estate owned by the plaintiffs, and held that the easement was personal to them and would exist only as long as one or both of them owned the property, since the grant of easement did not contain any words of "inheritance" (*i. e.*, "their heirs and assigns"), which the court stated were necessary to create a permanent easement in the land of the plaintiffs and their successors and assigns.

The latter is not a correct statement of the law, because such words are made unnecessary, both by statute and case law. (R. C. 5301.02; and *Warren* v. *Brenner* [1950], 89 Ohio App. 188.)

It is the general rule that we must look to the circumstances and the intention of the parties to ascertain whether the easement is appurtenant or in gross. An easement in gross usually has no dominant estate; it is purely serviant. An easement appurtenant exists for the benefit of the owner of some particular land. If the grant is valueless, unless used for the benefit of land necessarily connected with its use and enjoyment, such dependence makes it appurtenant. An easement in gross exists independent of the ownership of other land. It is not necessary that the grant expressly refer to the dominant estate, nor is it essential that the dominant and servient estates be adjacent or contiguous. See, 3 Tiffany, Real Property (3rd ed.),

Sections 759 through 762; 2 Thompson, Real Property (1961 Repl.), Sections 321 through 325; 3 Powell, Real Property (1976 rev.), Section 405; and 18A Ohio Jurisprudence 2d 440, Easements, Section 14.

The general rule is that an easement is never presumed to attach to the person of the grantee where it can fairly be construed as appurtenant to some other estate. 2 Thompson, *supra* at page 61.

We believe that the fair interpretation of this grant, from its surrounding circumstances, is that the elder De-Shon intended to convey to his son an easement which would render his property not only useable, but saleable as a residence. Any other construction would render the real property virtually uninhabitable on the death of the survivor, as between the plaintiffs, Thomas and Mary DeShon. The leach bed by itself would have no use or value. Its only use comes from the benefit it confers on the dominant estate. We find, therefore, that the grant is an easement appurtenant.

Accordingly, we reverse the judgment of the trial court and enter final judgment in favor of the plaintiffs on their motion for summary judgment.

*Judgment reversed.*

VICTOR, P. J., and HUNSICKER, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.