OPINION
{¶ 1} Plaintiff-appellant C. Robert Woodyard appeals the July 21, 2005 Journal Entry entered by the Morgan County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee Village of Chesterhill.
 STATEMENT OF THE CASE {¶ 2} On October 3, 2003, appellant filed a Complaint in the Morgan County Court of Common Pleas, alleging a taking by appellee to which he was entitled to compensation. On February 22, 2005, upon the completion of discovery, appellee filed a motion for summary judgment, asserting appellant had failed to establish the existence of genuine issues of material fact in support of his claims. Appellant filed a memorandum contra and appellee filed a reply thereto. Via Journal Entry filed July 21, 2005, the trial court granted summary judgment in favor of appellee.
 {¶ 3} It is from this journal entry appellant appeals, raising as his sole assignment of error:
 {¶ 4} "I. THE TRIAL COURT ERRED BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 5} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 6} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 7} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 8} In his sole assignment of error, appellant submits the trial court erred in granting appellee's motion for summary judgment.
 {¶ 9} We have reviewed appellee's motion for summary judgment, appellant's memorandum contra, appellee's reply along with the entire record below. After consideration, we hereby adopt the well-reasoned and well-written opinion of the trial court, which is attached hereto and incorporated herein by reference as if fully rewritten, as our opinion. For the reasons advanced therein, appellant's sole assignment of error is overruled.
 {¶ 10} The judgment of the Morgan County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morgan County Court of Common Pleas is affirmed. Costs assessed to appellant.
 JOURNAL ENTRY
This matter came before the court on a Motion for Summary Judgment filed by the Defendant, Village of Chesterhill, herein accompanied by affidavits, depositions, and supporting exhibits. A reply to said motion was filed by the Plaintiff also accompanied by affidavits and supporting exhibits. The Defendant, Village of Chesterhill, filed a reply to the answer of the Plaintiff and this matter is now before the court for hearing on the Motion for Summary Judgment.
 Basic Fact Pattern
By virtue of an instrument dated the 11th day of March, 1991 and recorded in Volume 73, Page 357 and thereafter re-recorded in Volume 92, Page 513 of the Official Records of Morgan County in the Morgan County Recorder's Office and appended to the deposition of Plaintiff as Woodyard Deposition Exhibit # 1 on August 18, 2004, Plaintiff,
Robert Woodyard, granted an Easement to the Village of Chesterhill for the construction of a water line. This Easement, by its terms, is a perpetual easement with the right "to erect, construct, install, and lay, and thereafter use, operate, inspect, repair, maintain, replace, and remove, any and all pipeline materials, equipment and other necessary appurtenances and improvements for a water line for the Village of Chesterhill".
This water line was to be constructed across the lands of the Plaintiff in Township 8, Range 12, Fraction 4, Marion Township, Morgan County, Ohio, and was to be 30 feet in width, "10' temporary, 20' permanent".
After the easement was granted, the Defendant constructed its water line and operated it for some years on the Easement granted by the Plaintiff. Thereafter, the Defendant determined that it would be necessary to install a booster station on the easement to facilitate the operation of its water system and approached the Plaintiff concerning the construction. Plaintiff, who had owned and operated an oil drilling business for several years and was familiar with legal documents, prepared an agreement authorizing the Village to construct a booster station 11 feet 6 inches by 18 feet 2 inches on the easement for the sum of $100.00 per month for so long as the Village maintained the water system or for a period of 99 years after which renegotiation "will be necessary". This Agreement is appended to the deposition of the Plaintiff and marked as Woodyard Deposition Exhibit #2 dated August 18, 2004. The Village rejected this Agreement and then proceeded to construct said booster station on the Easement. Plaintiff thereafter filed suit against the Defendant claiming that the booster station was located on his property and that the taking by the Village diminished the value of his property.
After the filing of depositions, motions supported by affidavits were filed by the Defendant Village for summary judgment pursuant to Civil Rule 56 of the Ohio Rules of Civil Procedure. The Plaintiff filed an answer to that Motion and thereafter, the Defendant replied.
This matter is now before the court upon the Motion for Summary Judgment.
 Summary Judgment
Civil Rule 56(C) states in part:
". . . Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact, that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation and only from the evidence and stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
With this standard in mind, the court must determine whether there is any genuine issue of material fact and whether reasonable minds can come but to one conclusion, construing the evidence most strongly in favor of the Plaintiff.
 Easements
Easements are either easements appurtenant or easements in gross. An easement appurtenant runs with the land and is transferable to future buyers. Words of inheritance are not required to create an easement appurtenant. On the other hand, an easement in gross does not run to the land and is personal only to the grantee. To determine whether an easement is appurtenant or in gross, it is necessary to determine the intent of the parties from the surrounding circumstances and the four corners of the document involved. See DeShon v. Parker (1976),49 Ohio App. 366. The granting of an easement creates two separate estates or groups of rights in the property over which the easement is granted. The grantor of the easement retains the servient estate, that is to say all interest that he previously owned in the area where the easement is granted except for the rights that he gave up in granting the easement to the grantee, who owns what is known as the dominant estate. The grantee owner of the dominant estate has such rights as are granted or given to him by the grantor or owner of the servient estate in all easements and it has been written that "an easement grants such rights as are necessary to the reasonable enjoyment thereof, leaving to the owner of the fee, the right to use the property in any manner not inconsistent with the reasonable use of the easement". See head note two, Ohio Power Company v. Bauer
(1989) 60 Ohio App. 3d 57, Fifth District Court Appeals, andRueckel v. Texas Eastern Transmission Corporation (1981)3 Ohio App. 3d 153, Fifth District Court of Appeals.
It has also been stated that "Both parties have legitimate interest in the enjoyment of the rights reserved to each. It is an ongoing relationship." (See Ohio Power Company v. Bauer,
Fifth District Court of Appeals) "The instrument creating the easement limits the use, and only such rights as are construed as being given as are within the contemplation of the parties and within the terms of the grant. The nature, location and extent of the easement are thus to be determined." (See Roebuck v.Columbia Gas Transmission Corporation (1977),57 Ohio App. 2d 217 citing 18A Ohio Jurisprudence 2d, Easements, Section 51, Page 498)
In cases where the easement agreement describing a location of the easement is not a precise metes and bounds description, courts have used the entire record to determine whether the easement was sufficiently identified. Courts have looked at the documents involved in creating these easements to determine the intent of the parties in making a determination to grant or deny a motion for summary judgment. See H S Company, Ltd. v.Aurora, 2004-Ohio-3507, 04-LW-3008 (11th)
 Construction of Easement
In this case, the easement entered into by the parties on the 11th day of March, 1991 and appended as Woodyard Deposition Exhibit #1 dated August 18, 2004, sets forth on the four corners of the document, the grant of an easement from the Plaintiff to the Defendant. This easement grants from the Plaintiff to the Defendant "its successors and assigns, a perpetual easement with the right to erect, construct, install, and lay, and thereafter use, operate, inspect, repair, maintain, replace, and remove, any and all pipeline, materials, equipment and other necessary appurtenances and improvements, for a water line for the Village of Chesterhill". The Easement is across a tract of land of the grantor in Morgan County as set forth in a deed as noted in the Easement in Township 8, Range 12, Fraction 4, Marion Township, and grants rights of ingress and egress. The instrument, by its own terms, indicates that it is a right-of-way "appurtenant, and runs with the land". The location of the easement is described as follows:
"The Easement shall be 30 feet in width, the center line of which is described as follows: 10' temporary, 20' permanent"
The Easement on its face does not have a metes and bounds description, nor does it indicate where the 20' permanent easement is to be located with respect to the water line that was to be laid. Sometime after the granting of the easement in 1991, the grantee and Defendant, Village of Chesterhill, constructed said water line and has operated it as a public water line ever since. The parties have both retained the services of registered surveyors who have filed Affidavits with maps appended, testifying under oath as to their findings. The surveyor for the Defendant, Village of Chesterhill, Ron Yarano, testified by Affidavit in Paragraph 8 that "No portion of the booster station/water pump building, any of its parts or accessories, or any parts of the water line, as marked in the field, are on the Plaintiff's property, beyond the existing 20' permanent easement owned by the Village of Chesterhill". He also indicates that he identified the location of the building which Plaintiff alleges is not located on the Easement and that the building measured 15.4 feet by 10.6 feet in area. A surveyor for the Plaintiff, Ray Sayer, testified by Affidavit, that he had examined the property and verified dimensions and confirmed the accuracy of Surveyor Yarano's map, vis-a-vis the location of things visible on the surface relative to the center line of the state highway. He further testifies "Based on my examination and measurements and assuming that the location of the water line which is not visible, is where Yarano shows it to be, and assuming the Easement extends ten feet on either side of the water line, it is clear that not all of the line and equipment owned by the Defendant located on Plaintiff's real property, are within the Easement".
In looking at this matter, the court notes that Plaintiff's surveyor assumed that the Easement extended ten feet on either side of the water line. The Easement itself makes no such reference and indicates only that this is to be a 10' temporary, 20' permanent easement.
Based on the evidence before the court, the court must conclude that the Plaintiff has shown no material evidence that the Defendant's building is located on property not included within the easement. Nothing in the Easement itself requires the Defendant water line to be located precisely in the center of the Easement and consequently, the Defendant is permitted to lay its water line anywhere it wishes within the confines of the Easement. Further, the grant of the Easement contemplates and authorizes the erection of other improvements on the Easement since the Easement grants the right to "use, operate" any "equipment and other necessary appurtenances and improvements, for a water line for the Village of Chesterhill".
Construing the evidence before the court in the file most strongly in the favor of the Plaintiff, the court finds that there is no genuine issue as to any material fact and that the Defendant is entitled to judgment as a matter of law in this case, the court considering only the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts filed in this case.
Judgment is granted in favor of the Defendant, Village of Chesterhill. Costs are allocated equally between the parties.