**VILLAGE OF WALBRIDGE, Appellee,**

v.

**CARROLL et al., Appellants.**

[Cite as *Walbridge v. Carroll*, 172 Ohio App.3d 429, 2007-Ohio-3586.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–06–059.

Decided July 13, 2007.

430

Brian J. Ballenger, for appellee.

Charles E. Bloom, for appellants.

---

HANDWORK, Judge.

{¶ 1} This appeal is from the December 16, 2005 and July 27, 2006 judgments of the Wood County Court of Common Pleas, which rendered judgment in favor of appellee, the village of Walbridge. Upon consideration of the assignments of error, we affirm in part and reverse in part the decision of the lower court. Appellants, Terry and Gloria Carroll, assert the following assignments of error on appeal:

{¶ 2} "FIRST ASSIGNMENT OF ERROR: The village failed to conclusively prove that the public treated the easement as a right-of-way for 21 years and therefore it was error for the trial court to find a common law dedication of the easement existed.

{¶ 3} "SECOND ASSIGNMENT OF ERROR: Due to the expansion of the easement by the village and abuse of easement rights, the trial court committed error in not terminating the easement.

{¶ 4} "THIRD ASSIGNMENT OF ERROR: It was error for the trial court to find the easement in question was gross.

{¶ 5} "FOURTH ASSIGNMENT OF ERROR: It was error for the trial court to dedicate an easement by estoppel in order to facilitate access to private property because such finding results in the overburdening and the taking of the subservient tenant's remaining rights in the easement and thus is violative of the Ohio Constitution."

{¶ 6} The village of Walbridge brought a declaratory judgment action against Terry and Gloria Carroll pursuant to R.C. 2721.02, 2721.03, and 2721.12, and Civ.R. 57. The village asserted that it had acquired an easement from Kazmaier's Enterprises, Inc., for purposes of a "street and/or right-of-way" alongside and behind a shopping mall located at the corner of Main and Breckman Streets in Walbridge, Ohio. Since that time, the village and public have used the easement area to travel from Main Street to Railway Park in Walbridge, the rear entrances to businesses located in the shopping mall, and the former Kazmaier's grocery store (which is now the Carrolls' health club). The Carrolls purchased the property at issue from Kazmaier's Enterprises, Inc., 11 years after the creation of the easement. Approximately one year later, the Carrolls began to complain about the use of the easement area and attempted to block access to it.

{¶ 7} The village sought a declaration of the right of the village, its citizens, and its businesses to use this easement "street/right-of-way." The Carrolls also sought declaratory judgment regarding the extent of the easement. They asserted that the easement was granted only for purposes of a fire lane. Both parties sought a judgment on the pleadings.

{¶ 8} The conveyance attached to the pleadings provided for a grant of the fee interest in a certain parcel of property to the village. This property was utilized by the village to expand a neighboring park. The conveyance further provided for a grant of an easement to the village with the following language: "And in addition for easement purposes the following parcel of land: * * *."

{¶ 9} In a December 16, 2005 judgment, the court granted the motion of the village of Walbridge. The court concluded that this language in the deed was not ambiguous and is capable of only one meaning. Because the easement parcel is not contiguous to land owned by the village other than the adjacent Main Street and the easement parcel is not contiguous to the other property transferred in fee, the court further found that the easement is by default an easement in gross. Finally, because the deed is silent as to the purpose of the easement, the court held that the easement is not restricted and, therefore, the village of Walbridge could use the easement for any reasonable governmental purpose. Noting that the easement was granted to the village of Walbridge, the court held that the question of whether it was reasonable for the village to allow the general public and private businesses to use the easement was a question of fact that could not be resolved without further evidence. The case then proceeded to trial on that issue alone, and the following evidence was submitted.

{¶ 10} Since approximately the 1970s, a shopping center has existed at the corner of Main and Breckman Streets in the village of Walbridge. Adjacent property to the rear and along the side of the shopping center was owned by Kazmaier Enterprises, Inc., and was later purchased by the Carrolls in 1995.

{¶ 11} In the November 28, 1983 minutes of a village of Walbridge council meeting, a notation was made that Kazmaier Enterprises, Inc., had donated a strip of land to Railway Park and a "street right-of-way back to the store." This donation was carried out by a deed dated January 1984. Within the deed transferring the property for the park, Kazmaier Enterprises, Inc., also granted an easement to the village over the strip of land that runs alongside the shopping center ending at Main Street.

{¶ 12} Initially, there were two curb cuts into the shopping center. In the 1980s or in 1992, a sidewalk was created in front of the shopping center. At that time, one entrance to the shopping center was eliminated. Access to the shopping mall also existed by traveling over the Kazmaier's property that became subject to the easement at issue in this case. The village administrator testified

that access to the shopping center by way of the easement entrance is necessary to eliminate congestion at the other curb-cut entrance, which is located near the intersection of two streets. The easement entrance is also necessary for access to the village and for the shopping center store owners to reach the back of the shopping center. He further testified that the village maintained the easement area by crack-sealing the asphalt, cleaning the catch basin, and removing snow, until 2004, when Mr. Carroll requested that the village stay off the easement. There was no evidence that Kazmaier's Enterprises, Inc., ever challenged the use of the easement by the village or others.

{¶ 13} The Carrolls began to dispute the use of the easement shortly after acquiring their property. They dispute that the purpose of the easement was for access to the rear of the shopping center. Rather, the Carrolls assert that because the deed is silent and the easement was granted at the same time as the park property was donated, the purpose of the easement was to grant access to the newly donated park property. The Carrolls object to the use of the easement area by the village for garbage pickup, the use of noneasement property for parking by patrons of the shopping mall, and use of the easement area by the shopping mall business owners for their personal purposes.

{¶ 14} Following trial, the court determined in its July 27, 2006 judgment that the village of Walbridge, its citizens, and its businesses have a right to use the easement property. The court reasoned that because the easement created a "street right-of-way," the easement should benefit the village and the public. The court enjoined the Carrolls from obstructing the use of the parcel of land subject to the easement. The Carrolls filed a timely notice of appeal from the July 27, 2006 judgment and the December 16, 2005 judgment and assert four assignments of error.

{¶ 15} We begin by addressing the Carrolls' third assignment of error. The Carrolls first argue that the trial court erred as a matter of law by finding in its December 16, 2005 judgment that the easement in this case was an easement in gross rather than an easement appurtenant to the land donated for a park in the same deed.

{¶ 16} The conveyance in this case expressly provides for the grant of an easement. However, the parties do not agree on the type of easement conveyed. The construction of an instrument of conveyance is a question of law, which the appellate court reviews under a de novo standard of review. *Rousenberg v. Krone* (Dec. 16, 1998), 7th Dist. No. 775, 1998 WL 896432, at *3. To determine whether an easement is appurtenant or in gross, it is necessary to determine the intent of the parties from the four corners of the document involved and, if necessary, the surrounding circumstances. *Woodyard v. Chester-*

*hill,* 5th Dist. No. 05–CA–18, 2006-Ohio-634, 2006 WL 322325; *Am. Premier Underwriters, Inc. v. Marathon Pipe Line Co.* (Mar. 20, 2002), 3d Dist. No. 10–2001–08, 2002 WL 437998; and *Siferd v. Stambor* (1966), 5 Ohio App.2d 79, 34 O.O.2d 189, 214 N.E.2d 106.

{¶ 17} An easement appurtenant runs with the land and is transferable to future buyers. An easement in gross is personal only to the grantee and, therefore, does not run with the land. *Junction R. Co. v. Ruggles* (1857), 7 Ohio St. 1, 8; *Warren v. Brenner* (1950), 89 Ohio App. 188, 192, 45 O.O. 437, 101 N.E.2d 157; *Woodyard,* 2006-Ohio-634, 2006 WL 322325; and *Limpert v. Perry* (Nov. 2, 1979), 6th Dist. No. OT–79–1, 1979 WL 207295, *4. An easement appurtenant is attached to the land that it benefits even if that land is not physically adjacent to the land subject to the easement. Id. However, there must be two estates or distinct tenements: the dominant estate, to which the right belongs, and the servient estate, upon which the obligation rests. *Ross v. Franko* (1942), 139 Ohio St. 395, 22 O.O. 463, 40 N.E.2d 664, and *Limpert* at *4. Furthermore, an easement appurtenant can only be used with respect to the estate to which it was made appurtenant and cannot later be extended to other property owned by the grantee. *Rousenberg,* 7th Dist. No. 775, and *State ex rel. Fisher v. McNutt* (1992), 73 Ohio App.3d 403, 406, 597 N.E.2d 539, citing *Berardi v. Ohio Turnpike Comm.* (1965), 1 Ohio App.2d 365, 372–373, 30 O.O.2d 385, 205 N.E.2d 23. Generally, if it is possible to reasonably construe the conveyance as providing for an easement appurtenant rather than an easement in gross, the court will do so. *Mourray v. Evanoff* (May 23, 1997), 6th Dist. No. WD–96–042, 1997 WL 276230; *DeShon v. Parker* (1974), 49 Ohio App.2d 366, 368, 3 O.O.3d 430, 361 N.E.2d 457; and *Waldock v. Unknown Heirs of Wagner* (June 7, 1991), 6th Dist. No. E–89–53, 1991 WL 97317, at *6.

{¶ 18} In this case, appellants argue that the trial court erred as a matter of law by construing the conveyance language as creating an easement in gross rather than an easement appurtenant. Appellants argue that the conveyance clearly granted an easement appurtenant because it was granted in the same deed as the conveyance of land to the village of Walbridge for purposes of adding to an existing park. The village of Walbridge, on the other hand, argues that the easement was an easement in gross because there was no need to use the easement parcel for access to the newly acquired park property, the land subject to the easement is not adjacent to the park property, and the village did not own the donated park property at the time of the grant of the easement.

{¶ 19} At the time that the trial court determined that the easement granted was an easement in gross, no extrinsic evidence had been admitted. Nonetheless, the court went beyond the scope of a judgment on the pleadings by making a determination of what type of easement was created by the conveyance. The

only issue before the court was whether the parties had stated claims for declaratory judgment.

{¶ 20} Instead, the trial court converted the motions for judgment on the pleadings into motions for summary judgment and considered the language of the conveyance and the circumstances under which the grant was made to determine what type of easement was granted by the conveyance. The court reserved the final issue of the reasonableness of the village's use of the easement until after trial because of the factual issues involved. Neither party has opposed the action of the court. Therefore, we review the trial court's decision as if it were a partial grant of summary judgment.

{¶ 21} Based upon the language of the conveyance and the type of properties involved, we agree with the trial court that the easement granted by the conveyance was an easement in gross. The conveyance language does not clearly state the type of easement created. Appellants argue that we should interpret the "and" at the beginning of the grant as meaning that the grantor intended to convey the easement in conjunction with the grant of the park property. Such an argument could have merit except that the property conveyed for the park was not adjacent to the property subject to the easement and having the easement did not in any way benefit the village's use of the donated park land. Instead, the easement appears to serve some other purpose of the village that is not discernable from the deed. Therefore, the "and" means only that an additional grant was being made in the conveyance. We find that the trial court properly concluded that the easement granted was an easement in gross.

{¶ 22} The Carrolls also argue that the trial court erred by holding that the village could use the easement for any reasonable purpose, citing the holding in *Rueckel v. Texas E. Transmission Corp.* (1981), 3 Ohio App.3d 153, 3 OBR 172, 444 N.E.2d 77. We agree. The unrestricted grant of an easement gives the holder of the easement all such rights as are necessary to the reasonable and proper enjoyment of the *purpose* for the grant of the easement. *Woodyard,* 5th Dist. No. 05–CA–18; *Ohio Power Co. v. Bauer* (1989), 60 Ohio App.3d 57, 60, 573 N.E.2d 780; and *Rueckel v. Texas E. Transmission Corp.* at 159, 3 OBR 172, 444 N.E.2d 77. The grant of the easement does not give the village of Walbridge the right to use the property subject to the easement for any reasonable governmental use.

{¶ 23} In this case, the purpose for the easement is not expressly stated. Therefore, the court was required to apply the rules of construction and consider parol evidence to determine the intent of the parties and the scope of the easement. *Gans v. Andrulis* (May 18, 2001), 11th Dist. No. 99–P–0118, 2001 WL 530490, at *4, and *Murray v. Lyon* (1994), 95 Ohio App.3d 215, 219, 642 N.E.2d

41. Summary judgment on this issue would, therefore, have been improper. However, since the court continued to rely upon this holding in its final judgment after considering the evidence presented at trial, we also review the trial court's findings as to this issue under a manifest-weight-of-the-evidence standard. Therefore, we consider whether there was some competent and credible evidence to support the trial court's judgment. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

{¶ 24} There was no testimony from any person who would have had knowledge of what the parties intended by the grant of the easement. The village council minutes indicate that the easement was a "street right-of-way back to the store." It is not clear whether the "store" refers to Kazmaier's store or the shopping mall.

{¶ 25} The Carrolls argue that the easement gave the public the right to access the back of its store. This conclusion is illogical, however, because the village and public already had the ability to enter Kazmaier's parking lot by way of the driveway fronting on Main Street as long as the company permitted. Furthermore, since the easement ends at the beginning of Kazmaier's parking lot, the grant of the easement did not enable the village to obtain access to the back of the Kazmaier's store other than by permission. This reason would not explain the grant of an easement.

{¶ 26} Since the easement only extends to the rear of the shopping mall, the only inference possible is that the purpose of the easement was to give the village access to the back of the shopping-mall property. This finding is further supported by the fact that the village requires refuse pickup to occur at the rear of the building and has been using the easement for that purpose. Therefore, we find that the trial court's finding that the purpose of the easement was to provide the village with access to the back of the shopping mall was supported by competent and credible evidence.

{¶ 27} Therefore, we find the Carrolls' third assignment of error not well taken in part and well taken in part. The trial court properly determined that the easement granted in this case was an easement in gross. However, the trial court erred in finding that the village could use the property subject to the easement for any reasonable governmental purpose. Rather, the easement is limited to the use by the village as a right-of-way to access the back of the shopping mall.

{¶ 28} In their first assignment of error, the Carrolls argue that the trial court abused its discretion by finding that the village and public had acquired an easement right-of-way. The Carrolls argue that there was no evidence before the court to support a finding that the easement was dedicated for a public use,

no evidence that the village has treated the easement like a right-of-way, and no evidence that the public used the easement for access to the shopping center for more than 21 years after one of its curb cuts was eliminated. The village of Walbridge argues, however, that the trial court properly found that the easement was dedicated under common law for a public street or right-of-way.

{¶ 29} We do not interpret the trial court's judgment as holding that the easement at issue was dedicated by Kazmaier Enterprises, Inc. as a public street or right-of-way. The court's reference to the village's easement as an easement "street right-of-way" does not mean that it found that there had been a dedication of the property as a public street or right-of-way. It is clear from a reading of both of the court's judgments that the court found that there was only an easement in gross granted to the village to use the property to access the back of the shopping mall. The court further found that because the grant was unrestricted, the village could use the easement for any reasonable governmental purpose, which included allowing the public to use the easement.

{¶ 30} We have already overruled the court's finding that the village could use the easement for any reasonable governmental purpose. Furthermore, we find as a matter of law that the village could not allow the public to utilize the easement. The general rule is that easements in gross are personal and, therefore, cannot be apportioned to another unless the owner of the fee intended to permit apportionment. *Centel Cable Television Co. of Ohio, Inc. v. Cook* (1991), 58 Ohio St.3d 8, 11, 567 N.E.2d 1010, and *Boatman v. Lasley* (1873), 23 Ohio St. 614, 619. In this case, there was no evidence presented to support such a finding.

{¶ 31} Appellant's first assignment of error is well taken only in part. We find that the trial court erred by finding that the public had a right to use the easement. In all other respects, this assignment of error is not well taken.

{¶ 32} In their second assignment of error, the Carrolls argue that the court never addressed the issue of whether the village overburdened the subservient tenancy by abusing its use of the easement. Furthermore, the court never addressed the excessive use by the public and private businesses of additional areas of the Carrolls' property for parking and turning vehicles around. While the trial court determined the rights of the parties, it did not determine whether the easement right had been abused.

{¶ 33} Therefore, we find the Carrolls' second assignment of error well taken.

{¶ 34} In their fourth assignment of error, the Carrolls argue that the trial court's decision that the easement was a dedicated public street is tantamount to a wrongful taking of private property for a public use. Having reversed the trial

court's decisions in part and found that the easement was not a dedication of a public street, the Carrolls' fourth assignment of error is rendered moot.

{¶ 35} Accordingly, we hold that the trial court committed error prejudicial to appellants when it determined that the easement granted to the village of Walbridge was a street right-of-way that could be used by the village and public for any purpose. The judgments of the Wood Court of Common Pleas are reversed in part and affirmed in part. The judgments are affirmed as to the court's holding that the easement granted to the village of Walbridge was an easement in gross and that the Carrolls are enjoined from parking in the easement parcel or obstructing the use of the parcel by the village for the limited purpose of accessing the shopping mall property. The judgments are reversed as to the court's holding that the village and public may use the property subject to the easement for any reasonable purpose. Furthermore, this cause is remanded to the trial court for resolution of the issue of whether the village has abused its use of the easement right. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.

Judgments affirmed in part
and reversed in part,
and cause remanded.

SINGER and SKOW, JJ., concur.