OPINION
{¶ 1} Defendants-Appellants/Cross-Appellees appeal the September 16, 2006, decision of the Tuscarawas County Court of Common Pleas, granting Appellee's motions for summary judgment. Plaintiff-Appellee cross appeals
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 18, 2006, Plaintiff-Appellee, Marvin Bethel ("Bethel"), filed the underlying action, seeking permanent injunctive relief. Bethel alleged that the garage of the Defendants-Appellants, Benjamin J. Haney Jr. and Rose M. Haney ("the Haneys"), encroached on Bethel's property and demanded that the trial court order a permanent injunction requiring the Haneys to demolish their garage. (Complaint at ¶ 4.)
 {¶ 3} In 1991, after obtaining the proper permits, albeit inaccurate, the Haneys built a pole-type garage on their property located at 731 West High Street (Lot 963) in Uhrichsville, Ohio. (Motion in Opposition to Motion for Summary Judgment, June 2, 2006 at p. 2.) The dimensions of the garage are approximately 30 feet by 26 feet. The garage, in fact, encroached upon Lot No. 964 by approximately 32 square feet. The Haneys did not acquire a survey prior to constructing the garage.
 {¶ 4} In August of 2005, Bethel purchased the adjoining lot (Lot 964). (T. at 29). Bethel does not reside on this property; rather it is a vacant lot with no structures present or anyone residing at the property. (T. at 33). Shortly after purchasing this property, Bethel approached the Haneys and demanded that their garage be demolished due to said encroachment. (T. at 40-42).
 {¶ 5} The Haneys refused to demolish their garage because of said encroachment and the underlying lawsuit followed. *Page 3 
 {¶ 6} On May 15, 2006, Bethel filed a Motion for Summary Judgment requesting the trial court to issue a mandatory injunction requiring the Haneys to remove the encroachment.
 {¶ 7} On June 2, 2006, the Haneys filed their Memorandum in Opposition.
 {¶ 8} On August 14, 2006 the trial court conducted an oral evidentiary hearing to determine whether it should grant injunctive relief.
 {¶ 9} In its Judgment Entry dated August 22, 2006, the trial court determined that injunctive relief was not justified and compensated Bethel by awarding him $55.20 in monetary damages for the encroachment. In addition to compensatory damages, the trial court also ordered the Haneys to pay Bethel $2,500.00 for attorney's fees, in addition to any undetermined legal costs for the transfer of ownership of the parcel of land encompassing the encroachment.
 {¶ 10} On August 24, 2006, Bethel filed a request for findings of fact and conclusions of law.
 {¶ 11} On November 8, 2006, the trial court issued its final Findings of Fact and Conclusions of Law, specifically determining:
 {¶ 12} "1. The Defendants did not act with malice or bad faith in constructing the encroaching garage, but, instead, believed that they owned the property on which the encroachment was built.
 {¶ 13} "In light of the above determination of law, the Court erroneously ordered the Haneys to pay any attorney fees, in addition to $2,500.00, incurred by Bethel subsequent to the August 22, 2006 Judgment Entry. (Final Findings of Fact and Conclusions of Law at 6). *Page 4 
 {¶ 14} The trial court's order did not award punitive damages and no finding of malice or bad faith was made therein.
 {¶ 15} It is from this judgment entry Appellant appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 16} "I. THE TRIAL COURT ERRED IN AWARDING APPELLEE ATTORNEY'S FEES."
 {¶ 17} Appellee cross-appeals, raising as error:
 {¶ 18} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING TO ISSUE INJUNCTIVE RELIEF TO REMOVE THE ENCROACHMENT FROM PLAINTIFF/ APPELLEE'S PROPERTY.
 {¶ 19} "II. THE JUDGMENT OF THE TRIAL COURT REQUIRING THE PLAINTIFF/ APPELLEE TO TRANSFER A PORTION OF HIS LAND TO ACCOMMODATE THE ENCROACHMENT IS UNLAWFUL AND UNCONSTITUTIONAL."
 I. {¶ 20} In their sole assignment of error, Appellants argue that the trial court erred in awarding attorney fees in this matter. We agree.
 {¶ 21} Appellants argue that the trial court's order for the Haneys to pay Bethel's attorney's fees was erroneous in light of the fact that there were no punitive damages awarded, no statutory authorization for the award of attorney fees and no finding of malice or bad faith. Appellee, in his brief, concedes that the award of attorneys fees in this case was unjustified. *Page 5 
 {¶ 22} Ohio follows the "American Rule" which provides that each party is responsible for their own attorney's fees except as provided for in certain statutory actions or when the opposing party is found to have acted in bad faith, vexatiously, wantonly, obdurately, for oppressive reasons, or the party somehow engaged in malicious conduct. Sorin v.Board of Educ. of Warrensville Heights Sch. Dist. (1976),46 Ohio St.2d 177, 180-81, 347 N.E.2d 527. Attorney fees, which are punitive in nature, may also be awarded where there has been a finding of actual malice and an award of punitive damages. Digital Analog Design Corp.v. North Supply Co. (1992), 63 Ohio St.3d 657, 590 N.E.2d 737. See alsoFrenz v. Hoover (March 3, 1997), Stark App. No. 1996CA00096, unreported.
 {¶ 23} We concur with appellant that attorney fees are not recoverable in the case sub judice under any of the above theories
 {¶ 24} Based on the foregoing, the trial court's order of awarding attorney fees to appellee is reversed. Appellants' sole assignment of error is sustained
 Cross-appeal I. {¶ 25} In his first assignment of error on cross-appeal, Plaintiff-Appellee/Cross-Appellant argues that the trial court erred in refusing to issue injunctive relief. We agree.
 {¶ 26} The decision to grant or deny an injunction is solely within the discretion of the trial court. Danis Clarkco Landfill Co. v. ClarkCty. Solid Waste Mgt. Dist. (1995), 73 Ohio St.3d 590, 653 N.E.2d 646, paragraph three of the syllabus. An appellate court *Page 6 
cannot reverse that decision absent an abuse of discretion. Id. An abuse of discretion is more than merely an error.
 {¶ 27} The issue before this Court is whether the trial court could, in considering the equities involved in this case, order a forced sale of Cross-Appellant's property.
 {¶ 28} "A mandatory injunction is a proper remedy for a landowner to invoke against an adjoining landowner to compel him to remove an encroachment. McGee v. Randolph (Summit App. 1949), 56 Ohio Law Abs. 24. The granting of a mandatory injunction, however, lies largely within the discretion of the trial court. Varwig v. Cleveland, C.C. St. L.R.Co. (1896), 54 Ohio St. 455. Most jurisdictions permit a court to balance the relative hardships to the parties in devising an appropriate equitable remedy. These jurisdictions hold that where the expense and difficulty of removal of an encroachment would be great and the encroachment was causing minimal damage to the plaintiff, or its removal would result in little benefit to him, a mandatory injunction is not required. See Annotation, Mandatory Injunction to Compel Removal of Encroachments by Adjoining Landowner, 28 A.L.R.2d 679." Old Mill VillageHomeowners' Assn. v. Bacik (Feb. 3, 1993), Medina App. No. 2118, unreported: Accord, Miller v. City of W. Carrollton (1993),91 Ohio App.3d 291.
 {¶ 29} Accordingly, it appears that in resolving the issue of whether to order the removal of an encroachment a trial court can weigh the equities of the situation, particularly the question of whether the defendant acted in "good faith," and can, in its discretion, fashion a remedy which suits that specific situation. Miller,91 Ohio App.3d at 296-298. *Page 7 
 {¶ 30} In Arnold v. Melani (1969), 75 Wash.2d 143, 449 P.2d 800, the Supreme Court of Washington upheld the denial of a mandatory injunction for the removal of an encroaching structure on the property of a neighboring landowner. The court stated at 152-153, 449 P.2d at 806:
 {¶ 31} "As thus construed, * * * Peoples Sav. Bank v. Bufford [
(1916), 90 Wash. 204, 155 P. 1068], supra, and Tyree v. Gosa [ (1941),11 Wash.2d 572, 119 P.2d 926], supra, support the premise that a mandatory injunction can be withheld as oppressive when, as here, it appears (and we particularly stress), that: (1) The encroacher did not simply take a calculated risk, act in bad faith, or negligently, willfully or indifferently locate the encroaching structure; (2) the damage to the landowner was slight and the benefit of removal equally small; (3) there was ample remaining room for a structure suitable for the area and no real limitation on the property's future use; (4) it is impractical to move the structure as built; and (5) there is an enormous disparity in resulting hardships.
 {¶ 32} "Ordinarily, even though it is extraordinary relief, a mandatory injunction will issue to compel removal of an encroaching structure." Miller, supra, at 298, citing Arnold v. Melani (1969), 449 P.2d 800, 806. Because an encroaching structure affects the landowner's possessory rights, potentially forever, it has been held that the encroacher has the burden of establishing that injunctive relief would be oppressive. Id. It should be the exceptional case in which an encroacher is permitted, under the auspices of equity, to force a sale of property on an innocent landowner. Such equitable purchases should be restricted to cases in which the encroaching party would suffer extreme damage and the resulting harm to the innocent landowner would be minimal. *Page 8 
 McGuire v. Kashen (Sept. 15, 1995), Lucas App. No. L-94-294, unreported, (Sherck, J., dissenting). We do not find this to be the case in the action before us.
 {¶ 33} In cases where the encroachment was not intentional, courts will balance the equities of the parties, weighing the relative conveniences and comparative injuries to each party that would result from granting or refusing to grant injunctive relief. See Id. at 296-298. Although a balancing test of sorts is applied, it must always be understood that the party causing the encroachment, even if he has done so unintentionally, has trampled upon the property rights of another. "The law holds a high regard for an individual's right to own property and treats harshly those who infringe upon that right."Fairman v. Vecchione (Mar. 30, 1984), Trumbull App. No. 3172, unreported.
 {¶ 34} In the case sub judice, the evidence before the trial court demonstrated that the Haneys built the encroaching structure in 1991, fifteen (15) years before Cross-Appellant purchased the adjoining property. Although the encroachment may have been unintentional, the Haneys have essentially taken a portion of Appellant's property, without his consent. Absent injunctive relief, Appellant will forever lose the ability to use that portion of his property. Furthermore, there was little evidence that removing the encroachment would cause the Haneys undue hardship. Although the trial court relied on the Haneys' evidence that it would cost them $3,000.00 to remove the garage, it was unreasonable to find that such cost created an "enormous disparity in resulting hardship". Other options may be available to remove the encroachment, such as possibly moving the garage. To quote Garono v.State (1988), 37 Ohio St.3d 171, 173, "[t]his is not a ten-story building or even a two-story house", it is a pole-building type garage. We therefore find that the potential hardship to the Haneys does not outweigh *Page 9 
the infringement on the property rights of appellant. The trial court's conclusion that injunctive relief was not warranted in this case constituted an abuse of discretion.
 {¶ 35} Cross-Appellant's first assignment of error is sustained.
 II. {¶ 36} In his second assignment of error on cross-appeal, Plaintiff-Appellee/Cross-Appellant argues that the trial court order requiring him to transfer part of his land to Defendant-Appellant/Cross-Appellee was unconstitutional. We agree.
 {¶ 37} The trial court in the case sub judice ordered Cross-Appellant to transfer that part of his property encroached upon by the garage to Cross-Appellees in exchange for consideration of $55.20.
 {¶ 38} For the same reasons as those set forth in the preceding Assignment of Error, we find Cross-Appellant's second assignment of error well-taken and sustain same.
 {¶ 39} For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Wise, J. Farmer, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
 Costs assessed equally to Appellee and Appellants. *Page 1