WALBRIDGE, Appellee,

v.

CARROLL et al., Appellants.

[Cite as *Walbridge v. Carroll,* 184 Ohio App.3d 355, 2009-Ohio-5183.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–08–071.

Decided Sept. 30, 2009.

Brian J. Ballenger, for appellee.

Charles E. Bloom, for appellants.

PIETRYKOWSKI, Judge.

{¶ 1} Appellants, Terry and Gloria Carroll, appeal an October 28, 2008 judgment of the Wood County Court of Common Pleas. The trial court issued the judgment after a nonjury trial and on remand from the original appeal in this case, considered in *Walbridge v. Carroll,* 172 Ohio App.3d 429, 2007-Ohio-3586, 875 N.E.2d 144 (*"Carroll I "*). The village of Walbridge ("the village") is the appellee.

{¶ 2} This case concerns an easement in gross in favor of the village of Walbridge, granting it a right to enter and use land located alongside a shopping center at the corner of Main and Breckman Streets in the village. In *Carroll I,* we held that the use of the easement is "limited to the use by the village as a right-of-way to access the back of the shopping mall." Id. at ¶ 27. We also held that the public did not hold a right to use the easement. Id. at ¶ 31–32. We remanded the case to the trial court "for resolution of the issue of whether the village has abused its use of the easement right." Id. at ¶ 35. Finally, we affirmed the trial court's judgment enjoining the Carrolls from parking in the easement or otherwise obstructing its use by the village for purposes of access to the shopping center. Id.

{¶ 3} A detailed history of the easement and the dispute over its use is provided in our prior decision, *Carroll I,* at ¶ 6–14. "Since approximately the 1970s, a shopping center has existed at the corner of Main and Breckman Streets in the village of Walbridge. Adjacent property to the rear and along the side of the shopping center was owned by Kazmaier Enterprises, Inc. ["Kazmaier"], and was later purchased by the Carrolls in 1995." Id. at ¶ 10. The rear, adjacent

property included a parking lot and building used for a Kazmaier grocery store. The Carrolls now use the rear property for a health-club facility and parking lot.

{¶ 4} The easement was created in 1984, by deed, and prior to the Carrolls' purchase. The trial court described the easement property in its judgment: "The Easement Parcel runs perpendicular from N. Main Street toward the old Kazmaier's grocery store. The Easement Parcel is nearly rectangular in shape— approximately 35 feet wide and 180 feet long. The Easement Parcel extends from North Main Street to the main parking lot for Kazmaier's grocery store. It does not touch any other property of the Village of Walbridge (other than the Main Street right of way)."

{¶ 5} In its October 28, 2008 judgment, the trial court concluded that "the Easement Parcel has not been abused or overburdened to the extent that it should be extinguished." On appeal, appellants assert four assignments of error:

{¶ 6} "First assignment of error:

{¶ 7} "Upon a showing by the appellants that the appellee was utilizing the easement in question or permitting the utilization of the easement in question for a purpose not intended by the creators of the easement it was error for the Trial Court to refuse to terminate the easement.

{¶ 8} "Second assignment of error:

{¶ 9} "It was inappropriate for the Trial Court to consider anything other than alternatives to termination in considering whether to terminate easement rights after the appellants demonstrated that the Appellee was permitting the easement to be used for a purpose other than that which was intended by the creators.

{¶ 10} "Third assignment of error:

{¶ 11} "In balancing equities it was inappropriate for the trial court not to take into consideration the actions of the Appellee in creating or permitting an environment which resulted in expansion of the easement.

{¶ 12} "Fourth assignment of error:

{¶ 13} "It was error for the Trial Court to define overburdening of an easement to mean excessive use and, based upon such definition, refuse to terminate an easement where the Appellants demonstrate that the use of the easement had been expanded to include a purpose not envisioned by the creators of the easement."

{¶ 14} In an appeal of a civil action, a reviewing court defers to the findings of fact of the trial court when there is competent and credible evidence to support them. *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24; *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d

279, 280–281, 8 O.O.3d 261, 376 N.E.2d 578. An appellate court reviews questions of law de novo, without deference to the trial court. *Tejeda v. Toledo Heart Surgeons, Inc.*, 6th Dist. No. L–07–1242, 2009-Ohio-3495, 2009 WL 2096306, ¶ 51.

{¶ 15} The focus of appellants' arguments in the trial court and on appeal concern use of the easement parcel by third parties—nonpatrons of their health club who use the easement parcel to enter the health-club parking lot from Main Street and to park their vehicles in the health-club parking lot and by truck drivers with business at the shopping center, who turn around in the parking lot. In its judgment, the trial court made specific findings of fact concerning the use and abuse of the easement property:

{¶ 16} "The court finds that vehicles of employees of and customers of the business using the Main Street Buildings used the Easement Parcel to access the defendants' parking lot and to trespass on that parking lot. The court also finds that the village was less than diligent in assisting the defendants in removing the trespassing vehicles and in prohibiting future trespassing. Finally, the court finds that the Easement Parcel was never obstructed in a manner that would prohibit the defendants [appellants] and their patrons from accessing the defendants' health club facility."

{¶ 17} We agree with appellants that Ohio cases recognize that termination of an easement may be an appropriate remedy when the owner of the easement abuses or misuses easement rights. *Cleveland v. Clifford,* 9th Dist. No. 02CA008071, 2003-Ohio-1290, 2003 WL 1339142, ¶ 11; *Hiener v. Kelley* (July 23, 1999), 4th Dist. No. 98CA7, 1999 WL 595363; *Solt v. Walker* (May 13, 1996), 5th Dist. No. 95–CA–64, 1996 WL 363438. These cases do not stand, however, for the proposition asserted by appellants in their first assignment of error that termination of an easement is required as a matter of course upon a showing of any abuse of easement rights. Appellants' first assignment of error is not well taken.

{¶ 18} In the second assignment of error, appellants argue that once the evidence established that the village "was permitting the easement to be used for purposes other than that which was intended by the creators," the trial court erred in considering "anything other than alternatives to termination" in deciding whether to terminate the easement, citing *Bethel v. Haney,* 5th Dist. No. 2006 AP 110065, 2007-Ohio-6452, 2007 WL 4227407.

{¶ 19} In this case, the trial court reasoned:

{¶ 20} "The defendants are primarily objecting to non-patrons of their health club using their parking lot while patronizing the business located in the Main Street Buildings. Automobiles do not have to use the Easement Parcel to reach this parking area. The fact that the village may have been less than diligent in

prosecuting those who are trespassing on the defendants' property should not result in the extinguishment of an easement that is necessary for the health and safety of those working * * * [or] * * * patronizing the Main Street Buildings. The court finds that the Easement Parcel has not been abused or overburdened to the extent that it should be extinguished." (Footnote omitted.)

{¶ 21} First, we note that the trial court did not find that the village permitted misuse or abuse of the easement by others. Second, the *Bethel v. Haney* decision did not involve easements and issues concerning consideration of remedies to enforce the respective rights of subservient property owners against holders of easement rights. *Bethel v. Haney,* 2007-Ohio-6452, 2007 WL 4227407, was a dispute between a property owner and a neighbor who held no interest or right to enter or use the property concerned in the litigation.

{¶ 22} In response to contentions under the second assignment of error, the village argues that the evidence at trial established that it had not encouraged, advised, or given permission to others to use the easement. In its judgment, the trial court did not find that the village intentionally abused the easement or permitted others to abuse it. Instead, it found that "the village was less than diligent in assisting the defendants in removing the trespassing vehicles and in prohibiting future trespassing."

{¶ 23} Second, the *Bethel v. Haney* case is distinguished by the fact that it did not involve an easement or a demand to terminate easement rights. The case concerned the availability of injunctive relief to a landowner to compel removal of an encroachment on real property by a neighboring landowner without right. Id., 2007-Ohio-6452, 2007 WL 4227407, ¶ 28–34.

{¶ 24} We believe that the principles concerning consideration of remedies available to enforce easements under the Restatement of the Law 3d, Property (2000) 492–493, Servitudes, Section 8.3 are instructive as a guide to factors that may be considered in determining whether misuse or abuse of an easement may act to terminate easement rights. Section 8.3 highlights "particular characteristics of servitudes that may be relevant in the selection of appropriate remedies. It is also intended to illustrate how factors such as the conduct of the parties, continuing utility of the servitude, and the costs and benefits of enforcement may affect the availability and choice of appropriate remedies." Id. at 493, comment a. Section 8.3(1) of the Restatement provides:

{¶ 25} "§ 8.3 Availability and Selection of Remedies for Enforcement of a Servitude.

{¶ 26} "(1) A servitude may be enforced by any appropriate remedy or combination of remedies, which may include declaratory judgment, compensatory damages, punitive damages, nominal damages, injunctions, restitution, and impo-

sition of liens. Factors that may be considered in determining the availability and appropriate choice of remedy include the nature and purpose of the servitude, the conduct of the parties, the fairness of the servitude and the transaction that created it, and the costs and benefits of enforcement to the parties, to third parties and to the public."

{¶ 27} Supported by the Restatement analysis, we conclude that consideration by the trial court in this case of the costs and benefits of termination of the easement to the parties, to third parties, and to the public were properly considered by the trial court as included within those factors to be considered in determining whether the easement should be extinguished. Accordingly, we find that the second assignment of error is not well taken.

{¶ 28} Under the third assignment of error, appellants claim that the trial court failed to consider actions by the village that allegedly created or permitted an environment leading to expansion of the easement. We view this assignment of error as challenging both the trial court's determination as to the village's responsibility for misuse of the easement by others and of the court's conclusion the Kazmaier easement was "not abused or overburdened to the extent that it should be extinguished."

{¶ 29} The trial court characterized the village's conduct as demonstrating a lack of diligence in removing trespassing vehicles and prohibiting future trespassing rather than as intentional misuse or abuse of the easement. The degree of responsibility of the village for the misuse of the easement by employees and patrons of the shopping center as well as by trucks serving businesses located there was a dispute of fact at trial. After a review of the record, we conclude that the trial court's findings of fact fairly characterize the conduct of the village with respect to the easement as they are supported by competent, credible evidence in the record. We defer to those findings on appeal. *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 24; *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d at 80, 10 OBR 408, 461 N.E.2d 1273; *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d at 280–281, 8 O.O.3d 261, 376 N.E.2d 578.

{¶ 30} In our view, there is also competent and credible evidence in the record supporting the trial court's decision that the Kazmaier easement was "not abused or overburdened to the extent that it should be extinguished." The Ninth District Court of Appeals decision in *Cleveland v. Clifford,* 2003-Ohio-1290, 2003 WL 1339142, considered a similar dispute.

{¶ 31} In *Cleveland v. Clifford,* the court of appeals considered a case in which the owner of a restaurant failed to employ all efforts to keep customers of his

restaurant from parking in a "drive easement."[1]  Id. at ¶ 12.  The Ninth District found no evidence in the record upon which to conclude that the restaurant owner had intentionally violated the easement.  Id. at ¶ 30.  The court of appeals did not, as a matter of course, rule that the easement was terminated by the abuse and misuse by customers of the restaurant.  Rather, it considered the existence of available remedies other than termination of the easement.  The court of appeals concluded that there remained much that could be done by the restaurant owner in the future to prevent parking by restaurant patrons in the easement, including posting of the lot with no parking signs with warnings that vehicles could be towed.  Id. at ¶ 29.

{¶ 32} The court of appeals held that " '[w]hether an easement is extinguished through overburdening or misuse is an issue of fact.' "  *Cleveland v. Clifford,* 2003-Ohio-1290, 2003 WL 1339142, ¶ 11, quoting *Hiener v. Kelley,* 1999 WL 595363, *11.  Given the availability of the remedy of towing of offending vehicles, the court of appeals also affirmed a trial court judgment that held that the record failed to establish that the appellee overburdened or misused the easement "to the point that it should be extinguished."  Id. at ¶ 12.

{¶ 33} In this case, appellant Terry Carroll testified at trial that he had considered towing vehicles of shopping-center patrons who parked in his parking lot and that he had erected proper signage in the lot to permit towing.  The record reflects that appellants posted warning signs in the past providing notice that the parking lot was for "Fitness Center Parking Only" and that "Violators to be Towed at Owners [sic] Expense."  The signs also identified the towing company by name, address, and phone number.  However, appellants have elected not to tow trespassing vehicles.  In the trial court, appellants also opposed consideration of a remedy that would require affirmative action by the village to address the problem of trespassing vehicles.

{¶ 34} It is undisputed that statutory procedures exist that permit appellants, as landowners, to establish a private tow-away zone on their property to permit towing of unauthorized vehicles and to do so at the vehicle owner's expense.  R.C. 4513.60(B)(1) and (2).  There is no evidence in the record upon which to conclude that towing of such vehicles, under authority of R.C. 4513.60(B)(1) and (2), would not be an effective means to end the use of appellants' parking lot by employees or patrons of businesses at the shopping center.  The remedy is available and unused.  There is little that can gain your attention like a tow.

---

1.  In a prior appeal in the case, the Eighth District had held that a "drive easement" did not permit parking and remanded the case "for a determination of the existence of any abuse of the easement and the appropriate remedy."  Id. at ¶ 4.

{¶ 35} Appellants have not claimed that use of the easement by employees or patrons of the shopping center or by delivery trucks materially affected their health-club business or that it denied health-club patrons access to the facility or available parking in the parking lot. The trial court considered the fact that "the easement is necessary for the health and safety" of customers of the businesses and the employees of the businesses located in the shopping center.

{¶ 36} We conclude that the trial court's judgment that "the Easement Parcel has not been abused or overburdened to the extent that it should be extinguished" is supported by competent, credible evidence in the record. Appellants' third assignment of error is not well taken.

{¶ 37} In the fourth assignment of error, appellants contend that the trial court erred in defining "overburdening of an easement to mean excessive use and based upon such definition refuse to terminate an easement." We find that this argument is without merit. The trial court did not limit its consideration of the facts to the issue of whether the easement itself had been used excessively.

{¶ 38} The trial court considered and made specific findings of fact concerning abuse of the easement through its use for purposes not intended. The court found that "vehicles of employees of and customers of the business using the Main Street Buildings used the Easement Parcel to access the defendants' parking lot and to trespass on that parking lot." The court also considered the "less than diligent" efforts of the village in assisting in the removal of trespassing vehicles and in prohibiting future trespassing. It considered these facts in determining judgment. Even with these facts, however, there was competent, credible evidence in the record supporting the trial court's determination that "the Easement Parcel has not been abused or overburdened to the extent that it should be extinguished."

{¶ 39} We find that the fourth assignment of error is not well taken.

{¶ 40} On consideration whereof, this court finds that substantial justice was done the parties complaining and that the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay costs.

Judgment affirmed.

Osowik and Knepper, JJ., concur.