No. 558

## VALLEY CITY MORTG. & LOAN CO. v. NELSON

Ohio Appeals, 7th Dst., Trumbull County

997. REAL ESTATE—1. Standing timber, before being severed from the land, is an interest in real estate.

2. Error of the recorder in recording a conveyance of timber in the chattel mortgage record, does not prevent its taking effect as a deed.

3. Subsequent mortgagees take subject to such an improperly recorded conveyance.

This case and that of the Ohio-Pa. Joint Stock Land Bank et v. Ringelspaugh, came into the Trumbull Appeals from the Common Pleas of that county. The issues in the two actions are precisely the same. They were brought to enjoin defendants from cutting and removing timber or lumber from the farms of the defendants. On Feb. 1, 1923, Huston, the then owner of the two farms, sold all the timber on them to the Ohio Lumber Co. and as the conveyance a blank bill of sale form was used, and it was duly signed by Huston, witnessed and acknowledged, sufficient in form to have been a deed for the sale of the real estate. The instrument was taken to the county recorder, where it was not recorded as a deed, but as a chattel mortgage.

Huston then sold a portion of the tract to one Brown, who sold it to Nelson by deed filed for record June 7, 1923. Subsequent to the conveyance of the timber, Huston sold the other portion of the tract to Brown, who on June 6, 1923, sold it to Ringelspaugh, by deed filed for record, June 7, 1923. Nelson mortgaged his land to the Land Bank for $4,500, dated June 1, 1923, filed June 27, 1923, and duly recorded. On June 26, 1923, Nelson gave a second mortgage, to George B. Watson, for $1,500, filed for record, June 27, 1923, and duly recorded, which was assigned to the Valley City Mortgage & Loan Co., June 27, 1923, and the assignment recorded with the original mortgage. Ringelspaugh gave first and second mortgage to the Land Bank, on the same dates as the Nelson mortgages were given, both of which were likewise assigned to the Valley City Co., duly recoded and the assignments also so recorded.

Shortly after the purchase of the timber by the Ohio Lumber Co, this company sold it to a purchaser who commenced to cut and remove it, and the respective mortgagees upon learning of it commenced this action to enjoin the further cutting and removing, claiming their security was thereby being impaired.

Before making the loans, the banks caused a search to be made of the records, for deeds,

mortgages, leases and mechanic's liens, and did not discover the timber conveyance, recorded as a chattel mortgage. The representatives of the banks who examined the farms previous to making the loans, found no timber had been cut, and at the time of making the loans and taking the mortgages, had no actual knowledge of the sale of the timber.

The single issue in the case is, was the timber conveyance valid, and did it convey the title thereto and authorize its removal, as against the mortgagees, who placed their mortgages on record, without actual knowledge of the conveyance of the timber.

It is also claimed by the defendants, Nelson and Ringelspaugh, that in the definition of "goods" in the sales act, 8456 GC., that it includes "things attached to or forming a part of the land which are agreed to be severed before sale, under the contract of sale," that growing timber becomes personal property, and a conveyance thereof need not be recorded as one of real estate. But this contention is not well founded, as it is held that a sale of standing timber is a contract concerning interest in lands within the meaning of the statute of frauds, citing Hertz v. Graham, 50 OS. 57; Clark v. Guest, 54 OS. 298, and Wier v. Saw Mill Co., 88 OS. 424.

The remaining proposition for consideration, is whether or not the leaving for record of the timber conveyance, notwithstanding its improper record, was constructive notice to the mortgagees, and whether or not they took their mortgages subject to the timber conveyances. The record was wrongful conduct on the part of the recorder, and a failure to perform his statutory duty, and who should bear the burden of the results?

It seems apparent from an examination of authorities that there is a serious conflict as to whether a grantor is entitled to the protection of his deed, although improperly recorded, or not recorded at all, or whether such situation prevents such deed from prevailing against subsequent grantees, or mortgagees, without actual notice. The very decided weight of authority seems to prevail, however, in favor of the grantor, where the recording act provided in effect that the rights of the parties are fixed by the filing of the instrument for record, as provided in 8543 GC. In Rider v. Crobaugh, 100 OS. 95, it is decided that the filing of a mortgage for record is equivalent to record under 8321 GC. and the delay or neglect of the recorder doing his ministerial duty will not have the effect of postponing a lien.

The conclusion is reached that the grantee of the timber by the filing of his deed, which was otherwise effective for such conveyance, with the county recorder, did all that was required of him for the protection of his title,

and that conveyance should prevail against the mortgagees, notwithstanding the failure of the recorder to make a proper record.

Attorneys—Gilmer, Gilmer, Stephens & Patchens, for Loan Co.; Hyde & Hyde, for Nelson; all of Warren.