*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 09a0307p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re:  MICHELLE MONICK BUNN,

                                   *Debtor.*

_____

                                     No. 08-4508

ARGENT MORTGAGE COMPANY, LLC,

                                  *Appellee,*

          *v.*

WILLIAM TODD DROWN,

                                   *Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 07-01206—James L. Graham, District Judge.

Argued:  August 6, 2009

Decided and Filed:  August 25, 2009

Before:  MOORE and ROGERS, Circuit Judges; THAPAR, District Judge.[*]

_____

## COUNSEL

**ARGUED:** William Todd Drown, FOLLAND & DROWN LPA, Mount Vernon, Ohio, for Appellant.  Amelia A. Bower, PLUNKETT COONEY, Columbus, Ohio, for Appellee. **ON BRIEF:** William Todd Drown, FOLLAND & DROWN LPA, Mount Vernon, Ohio, for Appellant.  Amelia A. Bower, PLUNKETT COONEY, Columbus, Ohio, for Appellee.  Michael J. Sikora III, SIKORA LAW LLC, Mentor, Ohio, for Amicus Curiae.

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

———————————

**OPINION**

———————————

ROGERS, Circuit Judge.  This case presents the question of whether a recorded mortgage that contains the street address of residential property—but not the legal description of the parcel of land—is sufficient to preclude the setting aside of the otherwise-valid mortgage in bankruptcy court.  If such a recorded mortgage would give constructive notice to third parties under Ohio law, then the bankruptcy trustee cannot set aside the mortgage.  The district court correctly concluded that the recorded mortgage gives sufficient notice, so the trustee may not set aside the mortgage.

The parties do not dispute the relevant facts.  The bankruptcy debtor, Michelle Bunn, owned real property with a street address of 8707 Shear Drive, Powell, Ohio.  The warranty deed with which she and her then-husband took title to the property in 1995 contained a precise legal description:

> Situated in the County of Franklin in the State of Ohio and in the City of Columbus:
>
> Being Lot Number Seven Hundred Thirty One (731) of SMOKY RIDGE ESTATES RESUBDIVISION SECTION 6, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 59, pages 32 and 33, Recorder's Office, Franklin County, Ohio.
>
> Parcel No. 610-190884
> Known as:  8707 Shear Drive, Powell, Ohio 43065

In 2004 Bunn executed a $90,000 mortgage on the property.  The recorded mortgage did not contain a legal description of the property; rather, it stated in relevant part:

> Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of Franklin:
> Legal Description Attached Hereto and Made a Part Hereof:

[Blank area]

Parcel ID Number: 610-190884 which currently has the
address of 8707 Shear Drive, Powell, Ohio 43065.

No legal description of the property was otherwise contained in or attached to the recorded mortgage documents.

During Bunn's bankruptcy proceedings, trustee William Drown filed an adversary proceeding against Argent Mortgage Company, LLC, seeking to avoid the mortgage. A bankruptcy trustee's "stong-arm" powers include the ability to set aside any mortgage that a bona fide purchaser of the property on the date of the bankruptcy filing would have been able to avoid under state law.[1]

The bankruptcy court ruled for the trustee. The mortgage did not provide constructive notice to a BFP, the court held, because "even if a third party had record notice of the existence of this Mortgage, neither the parcel number nor the street address, nor both together, would lead that third party to discover precisely what property is covered by the Mortgage. Both a street address and a permanent parcel number may refer to a geographic area that contains more or less property than what the mortgagor intended to encumber."

The district court reversed. It held that a BFP "has a duty to make a reasonable inquiry when an irregularity or a suspicious circumstance is apparent on the recorded instrument." "A person of ordinary prudence would find that the Argent mortgage encumbered a residential lot and would conclude that the mortgage likely encumbered the entire lot."

The trustee now appeals.[2]

---

[1] "The trustee . . . may avoid . . . any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3); *see Rogan v. Bank One, Nat'l Ass'n (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006).

[2] Although the district court remanded the case "for proceedings consistent with" its decision, appellate jurisdiction over this appeal is proper. While we recently held that "a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a

The district court properly ruled for Argent because a bona fide purchaser would be on constructive notice of the mortgage.

Ohio law deems any purchaser—including bankruptcy law's hypothetical BFP—to have constructive notice of all instruments executed by the current owner of the land that are "proper[ly] record[ed]." *See Thames v. Asia's Janitorial Serv., Inc.*, 611 N.E.2d 948, 953 (Ohio Ct. App. 1992), *superseded in part on other grounds by statute*, Act of Nov. 2, 2001, 2001 Ohio Laws File 59 (H.B. 279) (eliminating attestation required for land instruments).  The law assumes that any purchaser of Bunn's residential property has searched the relevant title indexes and examined the deeds in the chain of title.  *Id.* at 953-54.  Thus, the law credits the hypothetical purchaser with knowledge of the deed by which Bunn took title to the property and of the recorded mortgage at issue.

Such a purchaser would thus have notice that Bunn had mortgaged her property for $90,000.  The mortgage documents, while not containing a formal legal description of the property, did indicate that they related to the 8707 Shear Drive property.  Nothing in the documents indicated that the mortgage company sought a lien on anything less than the full property—Bunn explicitly mortgaged "the following described property," and provided a description that included not only the street address but also the tax identification number that applied to the entire parcel.  That number is also identical to that in the deed by which Bunn originally took title, and that deed did have a precise legal description.[3]

---

purely ministerial character," *Settembre v. Fid. & Guar. Life Ins. Co.*, 552 F.3d 438, 441 (6th Cir. 2009) (quotation omitted), in this adversarial proceeding any further execution of the district court's order in the bankruptcy court would have been ministerial.

[3]"Precise legal description" as used here refers to a metes and bounds description, a reference to a government survey, or a reference to a recorded plat.  Such a description allows any interested party to determine exactly which land is in question with reasonable precision.  Less formal descriptions, such as "all my land in Franklin County" or "my property commonly known as Blackacre," would require a party desiring to know exactly which land is at issue to track down an instrument with a precise legal description.  So long as such an instrument exists, an informal description may suffice to transfer title. *See, e.g.*, *Roebuck v. Columbia Gas Transmission Corp.*, 386 N.E.2d 1363, 1365-66 (Ohio Ct. App. 1977); *Yoss v. Markley*, 68 N.E.2d 399, 401 (Ohio C. P. Tuscarawas County 1946).

The Ohio courts would likely hold that a purchaser would have knowledge that the mortgage encumbers the property, and that such a purchaser thus could not set aside the mortgage under Ohio's recording act. When any purchaser would have constructive knowledge of the mortgage, the trustee cannot assume the position of a hypothetical BFP because no such good-faith purchaser can exist.

This conclusion follows even though Bunn theoretically could have mortgaged part but not all of the single-dwelling residential lot at issue (though the mortgage documents give no indication that such was her intent). Mortgaging part rather than all of a single-dwelling residential subdivision property is far enough outside the ordinary course of business that a reasonable prospective purchaser should assume that an ambiguous mortgage likely intended to encompass the entire residential lot at issue. While the trustee argues that Bunn could have mortgaged only part of her parcel, he points to no examples of mortgage companies accepting a security interest solely in a residential backyard. Moreover, even if the mortgage had encumbered only part of the property, the hypothetical BFP hypothetically acquired all of the property, including whatever portion was subject to the mortgage. Even if the most the purchaser knew was that a mortgage covered at least some of Bunn's property, the purchaser should not be able to cut off the mortgage after buying all of the property.

It is instructive to compare this case with those in which Ohio courts have set aside mortgages as inadequate to give constructive notice. Ohio courts have refused to allow a recorded mortgage to give constructive notice when the mortgage had been executed in violation of a statute. *See In re Nowak*, 820 N.E.2d 335, 338 (Ohio 2004) (listing cases). Prior to statutory modification, Ohio law explicitly required two witnesses to attest a mortgage, and courts refused to allow recorded mortgages that had been attested by only one witness to give constructive notice to subsequent purchasers. *Id.*

Unlike the formal attestation requirements discussed in *Nowak*, substantive Ohio mortgage law does not appear to require a precise legal description of the mortgaged property. O.R.C. § 5302.12 provides that a "mortgage in substance following the form

set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, has the force and effect of a mortgage . . . ." The statute then gives a brief form mortgage. The form requires only a "[d]escription of land or interest in land and encumbrances, reservations, and exceptions, if any." *Id.* On the other hand, a land installment contract must contain a "legal description of the property conveyed." O.R.C. § 5313.02(A)(3). The legislature's choice to require land installment contracts to contain "*legal* descriptions" while only requiring mortgages to contain a "description" can be assumed to have significance. *See O'Toole v. Denihan*, 889 N.E.2d 505, 514 (Ohio 2008). In any event, Chapter 5301 does not appear otherwise to require a precise legal description of the property subject to the mortgage, and the trustee points to no case in which an Ohio court has invalidated a mortgage that has an accurate informal description but lacks a formal description.

No Ohio case directly suggests that the Ohio courts would set aside an otherwise valid mortgage in favor of a third party purchaser in these circumstances. On the contrary, a reasonably prudent real estate purchaser, upon discovering that a residential lot has a mortgage that describes the lot by address but not by plat number when both address and plat number are on the granting deed and the seller owns no other real estate in the county, is unlikely to proceed as if the lot were unencumbered. Thus no purchaser could attain BFP status, and the trustee may not use his strong-arm powers to set aside the mortgage.

For these reasons, we affirm the judgment of the district court.