[Cite as *Nimble Corp. v. Wilson*, 2013-Ohio-3112.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| NIMBLE CORP. | JUDGES:<br>Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2012 CA 00174 |
| JONATHAN L. WILSON, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No. 2010 CV 04202


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     July 15, 2013


APPEARANCES:

| For Plaintiff-Appellee | For Defendants-Appellants |
|---|---|
| ASHLEY E. MUELLER<br>JASON A. WHITACRE<br>THE LAW OFFICES OF JOHN D. CLUNK<br>4500 Courthouse Blvd., Suite 400<br>Stow, Ohio 44224 | DAVID A. VAN GAASBEEK<br>1303 West Maple Street<br>Suite 104<br>North Canton, Ohio 44720 |

*Wise, J.*

**{¶1}** Appellants Jonathan L. Wilson and Kim J. Wilson appeal the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor of Appellee Nimble Corporation in a foreclosure action initiated by appellee. The relevant facts leading to this appeal are as follows.

**{¶2}** The real property at issue in this appeal is located at 5395 Fulton Drive NW in Jackson Township, Stark County. On September 19, 2006, Appellant Jonathan L. Wilson executed a promissory note in favor of Freedom Mortgage Solutions, LLC in the amount of $228,000.00. On the same date, Appellants Jonathan L. Wilson and Kim J. Wilson executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., solely as nominee for Freedom Mortgage Solutions, LLC. The mortgage was recorded in Stark County on September 27, 2006. An assignment of mortgage from Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Freedom Mortgage Solutions, LLC, to Appellee Nimble Corporation was executed on October 2, 2009 and recorded in Stark County on November 6, 2009.

**{¶3}** On November 18, 2010, appellee filed a "complaint in foreclosure with reformation." Appellants answered the complaint and raised several defenses, including the assertion that foreclosure was inappropriate "due to an improper and incorrect legal description." See Answer of Defendants at para. 7.

**{¶4}** The case was referred to mediation on January 31, 2011, but was thereafter returned to the regular docket.

{¶5}   In July 2011, both parties filed motions for summary judgment. The main issue raised as to summary judgment was the reformation of the legal description of the mortgage.

{¶6}   On October 14, 2011, the trial court granted summary judgment in favor of appellee and denied summary judgment for appellants.

{¶7}   On September 27, 2012, following final judgment, appellants filed a notice of appeal. They herein raise the following sole Assignment of Error:

{¶8}   "I.   THE TRIAL COURT ERRED BY SUSTAINING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE CANNOT OBTAIN A FORECLOSURE ON A MORTGAGE THAT IS DEFECTIVE AND CANNOT INCLUDE A CAUSE OF ACTION IN ITS ACTION OF FORECLOSURE SEEKING REFORMATION OF THE INSTRUMENT THAT IS THE SUBJECT OF THE FORECLOSURE."

I.

{¶9}   In their sole Assignment of Error, appellants argue the trial court erred in granting summary judgment in favor of appellee in the foreclosure/reformation action. We disagree.

{¶10}  As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App.No. 07 CA 33, 2007–Ohio–5301, ¶ 34, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.

{¶11} Civ.R. 56(C) provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "

{¶12} As noted in our recitation of the facts, the main issue raised as to summary judgment was the reformation of the legal description of the mortgage. "Reformation of an instrument [such as a deed] is an equitable remedy whereby a court modifies the instrument which, due to a mutual mistake on the part of the original parties to the instrument, does not evince the actual intention of those parties." *Jones v. Alvarez,* Butler App.No. CA2006–10–257, 2008–Ohio–1994, f.n. 3, quoting *Mason v. Swartz* (1991), 76 Ohio App.3d 43, 50, 600 N.E.2d 1121. A person seeking reformation of a written instrument must prove by clear and convincing evidence that the mistake regarding the instrument was mutual. *See Stewart v. Gordon* (1899), 60 Ohio St. 170, 53 N.E. 797, paragraph one of the syllabus.

{¶13} In the case sub judice, the description attached to the mortgage failed to include the term "aluminum" in identifying the type of identification cap used on the survey marker. The legal description attached to the mortgage at issue currently reads,

in pertinent part: "The iron pins set are 19 mm (3/4 inch) diameter rebars; 762 mm (30 inches) in length topped with a 38 mm (1-1/2 inch) diameter identification cap marked 'ODOT R/W, George A. Hofmann, P.S. 6752'".

**{¶14}** It is undisputed that the portion of the legal description should read, in pertinent part: "The iron pins set are 19 mm (3/4 inch) diameter rebars; 762 mm (30 inches) in length topped with a 38 mm (1-1/2 inch) diameter *aluminum* identification cap marked 'ODOT R/W, George A. Hofmann, P.S. 6752'". (Emphasis added).

**{¶15}** Both sides in the within appeal have presented extensive arguments on the issue of "mutual mistake" for purposes of allowing reformation of the mortgage. However, it is well-established in Ohio that "equity will allow reformation of a written instrument for the erroneous omission of a *material provision* so that the instrument will evince the actual intention of the parties." *Berardi v. Ohio Turnpike Comm.* (1965), 1 Ohio App.2d 365, 368, 205 N.E.2d 23 (emphasis added).  Thus, the issue of whether mutual mistake was established in this matter is largely irrelevant if the missing word "aluminum" is not a material provision. We find the missing term is not material. R.C. 5302.12 provides that a properly executed mortgage is valid when "in substance" it follows the statutory form:  a description of land or interest in land and encumbrances, reservations, and exceptions, if any. *See Bank of New York Mellon Trust Co. N.A. v. Lowdermilk*, Fairfield App.No. 2012–CA–30, 2013-Ohio-2296, ¶ 21. In other words, "Ohio mortgage law does not set forth a precise legal description that must be included on a mortgage." *Fifth Third Mtge. Co. v. Brown,* Cuyahoga App.No. 97450, 970 N.E.2d 1183, 2012–Ohio–2205, ¶ 13. A description of legal property is sufficient if it is such as to indicate the land intended to be conveyed, so as to enable a person to locate it. *See*

*Roebuck v. Columbia Gas Transm. Corp.* (1977)*,* 57 Ohio App.2d 217, 214, 386 N.E.2d 1363, citing 17 Ohio Jurisprudence 2d 227, Deeds, Section 97 (internal quotations omitted).

**{¶16}** Moreover, in *Brown*, *supra*, the Eighth District Court of Appeals also determined that even if a party has not successfully pursued its request for reformation of the mortgage, it is not necessarily barred from judgment on the note and foreclosure on the mortgage. *See id.* at ¶11-¶12. We find such reasoning applicable in the present case. We have frequently recognized that an appellant, in order to secure reversal of a judgment, must generally show that a recited error was prejudicial to him. *See Tate v. Tate,* Richland App.No. 02-CA-86, 2004-Ohio-22, ¶ 15, citing *Ames v. All American Truck & Trailer Service* (Feb. 8, 1991), Lucas App. No. L-89-295.  Even if summary judgment as to reformation of the mortgage was improperly granted by the trial court based on the lack of a demonstration of "mutual mistake" in the property description, such error was harmless in this instance, and we conclude there is no genuine issue of material fact regarding the propriety of the foreclosure against appellants based on the single scrivener's error as to the type of metal used on the surveyor's cap, as the cap's existence or location was not erroneously stated, nor was the identification of the markings on the cap. In sum, there is no demonstration in the record that any premises other than the property located at 5395 Fulton Drive NW was intended to be described, conveyed or mortgaged, nor does the legal description describe any other parcel of land. The trial court's granting of summary judgment in favor of appellee under these circumstances did not constitute reversible error.

**{¶17}** Appellants' sole Assignment of Error is overruled.

**{¶18}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0620

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

NIMBLE CORP.                                  :
                                              :
    Plaintiff-Appellee                       :
                                              :
-vs-                                          :                 JUDGMENT ENTRY
                                              :
JONATHAN L. WILSON, ET AL.                    :
                                              :
    Defendant-Appellants                     :                 Case No. 2012 CA 00174

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.

_____

_____

_____

JUDGES